## Stokes Estate

*Gary Goldman, Assistant Attorney General,* for Commonwealth.

*Robert A. Rosin* and *Samuel J. Marks,* contra.

TAXIS, *J.,* November 22, 1977 — This matter is before the court on a petition by the administratrix d.b.n.c.t.a. to declare that judgments against decedent's wife are not liens against premises 1709 Willow Avenue, Cheltenham Township. The court finds that decedent's wife was a life tenant of premises 1709 Willow Avenue, without power to consume principal, and that judgments against her are not liens against premises 1709 Willow Avenue.

Decedent died March 6, 1927. His holographic will reads as follows:

"LaMott Pa
Jan 1/26

"To my wife and family I will all my property all my belongings of every description after the death of my wife all shall go to the children the place are not to be sold until all are satisfied and then to be equally divided

Benj. H. Stokes"

Decedent's wife was appointed administratrix c.t.a. in 1933. In 1966, the Department of Public Welfare entered a judgment against decedent's wife in the sum of $2,000. In 1973, the Montgomery County Institution District entered a judgment

against decedent's wife in the sum of $4,000. Both judgments were duly recorded. In 1975, decedent's wife died, survived by a daughter of her and decedent, petitioner herein, a son of her and decedent, and the widow and daughter of a deceased son of her and decedent. In 1976, premises 1709 Willow Avenue was taken in condemnation by Cheltenham Township and the proceeds of condemnation are being held pending a determination by the court as to whether the judgments against decedent's wife are liens against such premises.

It is petitioner's position that decedent's will created a life estate in favor of his wife, with remainder to their children, and that the judgments are not liens against premises 1709 Willow Avenue, since the premises never vested in fee in decedent's wife. The Commonwealth argues that decedent's will created in his wife a life estate with an implied power to consume principal for her support, and the judgments are valid liens, since they were effected pursuant to her implied power to consume principal.

Decedent clearly provided in his will that after the death of his wife all his property shall go to the children. He then provided that the premises in question may be sold after his wife's death when all the children agree and, in such case, the proceeds are to be divided equally among the children. Thus, decedent intended that the premises in question be preserved during the lifetime of his wife. There is nothing in the will indicating that his wife had a power to consume. In fact, if she had a power to consume, and if, as the Commonwealth contends, she had been able to lien heavily the premises in question, such liens would frustrate the intention of decedent (1) that the property be preserved, and (2) that after her death, the property may be sold and

the proceeds *then* divided equally among the children. Cf. Evans Estate, 3 Fiduc. Rep. 478 (1953).

The Commonwealth relies upon Brennan's Estate, 324 Pa. 410, 188 Atl. 160 (1936), but the court finds that case inapposite. In Brennan's Estate, the Supreme Court indicated that whether a life tenant has the power to consume the principal is primarily a matter of testator's intention. In that case, it was held that the widow had the right to consume because testator gave his wife the power to sell any of the real estate and convert it into cash, and he relieved her of any obligation to file a bond, inventory or account. From these provisions of the will, the Supreme Court found that testator intended "that his wife should be empowered to control, manage and use the estate as she pleased during her lifetime."

In the instant case, decedent's wife had no power to sell. Rather, the premises in question were to be preserved. Also, there was a total absence of any power in decedent's wife to do anything other than preserve the premises in question. She did not have the power to subject the property to liens. Cf. Ginder Estate, 25 Fiduc. Rep. 138 (1975). The court, therefore, concludes that the judgments of the Department of Public Welfare and the Montgomery County Institution District are not liens against premises 1709 Willow Avenue.

## DECREE

And now, November 22, 1977, after consideration of the briefs and arguments of counsel, the court decrees that the judgment in favor of the Department of Public Welfare of the Commonwealth of Pennsylvania against Irene E. Stokes recorded at C.P. 66-15129, D.S.B. general docket 77, page 415,

and the judgment in favor of the Montgomery County Institution District against Irene E. Stokes recorded at C.P. 73-15211, D.S.B. general docket 186, page 456, are not liens against premises 1709 Willow Avenue, Cheltenham Township, Montgomery County, and the proceeds of Condemnation Proceedings in Rem 1709 Willow Avenue, Cheltenham Township, Montgomery County, case no. 76-19522 in the Court of Common Pleas of Montgomery County, are free and clear of liens of said judgments of the Department of Public Welfare of the Commonwealth of Pennsylvania and the Montgomery County Institution District.